Lockman agt. Ellis.

---

## SUPREME COURT.

LOCKMAN agt. ELLIS and others.

*Extra allowance — when not granted.*

Where, after an action of foreclosure was at issue and had been noticed for trial, the defendant tendered the amount of the mortgage, interest and costs, a statement of which had been rendered by the plaintiff's attorney and the tender being accepted, it is too late thereafter to apply for an extra allowance. Had the tender been conditionally received it might be otherwise.

*New York Fire and Marine Insurance Company* agt. *Brownell* (9 *How. Prac. R.*, 398) distinguished.

*Special Term, December,* 1879.

VAN VORST, *J.*— This is an action for the foreclosure of a mortgage ; an answer was interposed and the cause noticed for

trial. The case was on the calendar for several terms, but its trial was postponed for various reasons. Finally one of the defendants, the owner of the mortgaged premises, called upon the plaintiff's attorney and asked for a statement of the plaintiff's claim, and stated that he was prepared to pay up the mortgage; he asked for the amount of the plaintiff's mortgage, and interest and costs to date.

The plaintiff's attorney prepared such statement, which included the costs of the action, amounting to $153.65. This amount the defendant tendered to the plaintiff's attorney, with the charges for satisfying the mortgage. The tender was accepted and a satisfaction-piece was delivered.

The plaintiff's attorney now asks for an extra allowance, in addition to the costs which have been received. I think the application comes too late. The plaintiff's attorney alleges in his affidavit, that by the settlement it was left to be thereafter determined as to whether the plaintiff was or not entitled to an allowance in this action.

But this is denied by the defendants' attorney, who swears " that the tender was for the full amount of their statement of principal, interest and costs in full to date of tender."

There has been no judgment in the action, and none can now be obtained in the plaintiff's favor as the mortgage is satisfied of record.

In the case of *New York Fire and Marine Insurance Company* agt. *Brownell and others* (9 *Howard Prac.*, 398) the tender appears to have been declined and the proceedings went to judgment, and the court held that, notwithstanding the defendant had tendered the amount of the mortgage and costs, the plaintiff was not bound to accept it, and made an allowance in addition. But that is not this case.

It may be that the tender might have been accepted conditionally, leaving the plaintiff's right to an allowance in addition to costs to be thereafter determined. But it does not appear that such matter was left, through the understanding of both parties, open.

The plaintiff's claim upon the mortgage is gone and there is nothing left, it appears to me, of a real nature upon which the court can act in granting an allowance.

The motion for the allowance is denied, without costs, and an order may be made, as asked for, that the action be discontinued as to all the defendants, without costs to them, or either of them.

I do not think the defendant Ellis, upon the facts appearing, is entitled to costs.